IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUANG AI JIN and
ZHANG KE LIANG,

      Petitioners

v.

JANET RENO,

      Respondent

: NO. 1:CV-00-1029
: NO. 1:CV-00-1030
:
: (Judge Kane)

## RESPONSE TO ORDER TO SHOW CAUSE

This is a consolidated petition for habeas corpus (hereinafter "petition") filed on behalf of a husband and wife. Petitioners Huang Ai Jin and Zhang Ke Liang are natives and citizens of the People's Republic of China. They arrived in the United States on June 28, 1996, and were immediately detained as excludable. Through this petition for writ of habeas corpus, they challenge their denial of asylum and of withholding of removal. For the reasons set forth below, their petitions should be denied.

### Statement of the Case

Petitioners entered the United States at Alaska on June 28, 1996. Petition, ¶4.[1] They were immediately detained and charged with being removable on the grounds that they did not possess

---

[1] Unless otherwise noted, references to the petitions and exhibits are to those submitted in Huang Ai Jin v. Reno, No. 1:CV-00-1029. The petition submitted in Zhang Ke Liang v. Reno, 1:CV-00-1030, appears to be virtually identical.

valid immigrant visas and that they had committed fraud and willful misrepresentation in attempting to gain entry. Pet., ¶ 5; see 8 U.S.C. §§ 1182(a)(7)(A) and (a)(6)(C)(i). Zhang Ke Liang was also charged with being a non-immigrant without a valid passport. Pet., ¶ 6; 8 U.S.C. §1182(a)(7)(B).

Petitioners applied for asylum and withholding of deportation based on religious persecution and fear of sterilization because of China's one-child policy. Pet., ¶ 7. At an October 23, 1996 hearing before an immigration judge, petitioners admitted that they were removable because they did not have valid immigrant visas. Pet., ¶¶ 9, 10. The immigration judge denied the religious persecution claim, dismissed the fraud charges, and granted asylum based on fear of sterilization. Pet., ¶ 12.

The INS appealed the granting of asylum, and the petitioners cross-appealed the denial of asylum based on religious persecution. Pet., ¶ 13. On September 28, 1999, the Board of Immigration Appeals sustained the INS's appeal, denied the petitioners' appeal, and ordered them removed to China. After petitioners moved for reconsideration, the BIA denied their motion. Pet., ¶¶ 14-16.

The only issues raised by petitioners are whether they are entitled to asylum based on fear of sterilization and whether

they are entitled to asylum based on fear of religious persecution. Pet., ¶ 18.

### Question Presented

Whether this Court has jurisdiction to review the Board of Immigration Appeals' decisions denying petitioners asylum through a petition for writ of habeas corpus?

Suggested answer in the negative.

### Argument

The petitions presently before the Court seek the Court's review of decisions of the Board of Immigration Appeals. They seek review of the merits of the BIA's decision sustaining the INS's appeal of the Immigration Judge's grant of asylum based on credible fear of persecution, and of the BIA's decision denying their motion for reconsideration. This Court lacks jurisdiction to review those decisions.

In 1996 Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L.No. 104-208, 110 Stat. 3009-546. Section 309 of IIRIRA sets forth certain "transitional rules" for judicial review of exclusion and deportation proceedings for aliens whose proceedings were pending before the IIRIRA's effective date, April 1, 1997, and for whom final orders of deportation or exclusion were entered after October 30, 1996. The transitional rules are applicable to petitioners because they were in proceedings before April 1,

1997, while a final order of deportation was not entered until September 28, 1999 (Ex. A, B).

The transitional rules specifically supersede the judicial review provisions contained in Section 106 of the former Immigration and Naturalization Act, 8 U.S.C. §1105a (repealed 1996). See IIRIRA § 309(c)(4). The transitional rules purport to eliminate judicial review via habeas corpus proceedings for aliens subject to final orders of exclusion or deportation. Further, the transitional rules provide that judicial review for such aliens is solely and exclusively available through petition for review in the circuit court of appeals. IIRIRA §309(c)(4)(D).

In Sandoval v. Reno, 166 F.3d 225 (3rd Cir. 1999), the Third Circuit held that IRRIRA does not eliminate habeas corpus jurisdiction in cases where the alien "is in custody in violation of the constitution or laws or treaties of the United States." Id., at 238 (quoting 28 U.S.C. § 2241(c)(3)). However, petitioners have not claimed that they are being unlawfully or unconstitutionally detained. Rather, they are seeking review of the BIA's decisions on the merits of their asylum claims. While this Court has jurisdiction to entertain a habeas corpus petition challenging unconstitutional detention, it does not have jurisdiction to entertain a habeas corpus petition seeking review

4

of the merits of the BIA's decisions. <u>Sandoval</u>, <u>supra</u>; IIRIRA § 309(c)(4)(D).

Petitioners should have sought relief through a petition for review in the court of appeals, pursuant to IIRIRA §309(c)(4)(A). While this Court lacks jurisdiction entertain their petition, the Court may transfer the case to the Court of Appeals for the Third Circuit. <u>See</u> 28 U.S.C. §1631.

### Conclusion

For the foregoing reasons, respondent respectfully requests that the Court deny the within petition for writ of habeas corpus, or, in the alternative, transfer the case to the Court of Appeals for the Third Circuit.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

MARY CATHERINE FRYE
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482
Attorneys for Respondent

Dated: August 14, 2000

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 14th day of August 2000, she served a copy of the attached

**RESPONSE TO ORDER TO SHOW CAUSE**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Robert A. Horne, Esquire
401 Broadway
New York, NY  10013

Lawrence A. Dubin, Esquire
401 Broadway
New York, NY  10013

Huang Ai Jin
York County Prison
3400 Concord Rd.
York, PA  17402

Zhang Ke Liang
York County Prison
3400 Concord Rd.
York, PA  17402


_____
PATRICIA A. KOLONOSKI
Legal Secretary