

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUANG AI JIN and
ZHANG KE LIANG,

        Petitioners  :  NO. 1:CV-00-1029
          :  NO. 1:CV-00-1030
          :  (Judge Kane)

JANET RENO,

        Respondent

FILED
HARRISBURG, PA
AUG 14 2000
MARY E. D'AND[...]
[...] CLERK

RESPONDENT'S EXHIBITS IN SUPPORT OF
RESPONSE TO ORDER TO SHOW CAUSE

DAVID M. BARASCH
UNITED STATES ATTORNEY

MARY CATHERINE FRYE
ASSISTANT UNITED STATES ATTORNEY

228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482

**TABLE OF CONTENTS**

Description                                                                 Exhibit

Warrant of Removal/Deportation dated
    September 28, 1999 for Al Jun Huang. . . . . . . . . . . . .    A

U.S. Department of Justice, Executive Office for
    Immigration Review, Board of Immigration Appeals,
    Office of the Clerk letter - dated Notice of the
    Board's Decision, 9/28/1999. . . . . . . . . . . . . . . .    B

U.S. Department of Justice
Immigration and Naturalization Service

**Warrant of Removal/Deportation**

File No: **A-29 638 498**

Date: **September 28, 1999**

**To any officer of the United States Immigration and Naturalization Service:**

**Al Jin HUANG**
(Full name of alien)

who entered the United States at **Anchorage Int'l Airport** on **June 28, 1996**
(Place of entry)   (date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

- [ ] an immigration judge in exclusion, deportation, or removal proceedings
- [ ] a district director or a district director's designated official
- [x] the Board of Immigration Appeals
- [ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:
Section 212 (a)(6)(C)(i) Of The Immigration And Nationality Act.
Section 212 (a)(7)(A)(i)(I) Of The Immigration And Nationality Act.
Section 212 (a)(7)(B)(i)(I) Of The Immigration And Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take custody and remove from the United Stated the above-named alien, pursuant to law, at the expense of the government

_(Signature of INS official)_

**District Director**
(Title of INS official)

**September 28, 1999**
**Philadelphia, Pennsylvania**
(Date and office location)

Form I-205 (Rev 4-1-97)N



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

STUART M. PIERCE
7-8 CHATHAM SQ. #503,
NEW YROK, NY 10038-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: ZHANG, KE LIANG

A29-638-497

Date of this notice: 9/28/1999

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*

Paul W. Schmidt
Chairman

Enclosure
ORDER INCLUDES BOARD'S DECISION FOR A# 29-638-498.

Panel Members:
   COLE, PATRICIA A.
   GRANT, EDWARD R.
   HEILMAN, MICHAEL J.

INH. & NATZ. SERVICE
LITIGATION SECT.-YORK,PA
99 SEP 30 PM 1:57
RECEIVED
DEPT. OF JUSTICE

**U.S. Department of Jus**  
Executive Office for Immigration Review

Decision  ie Board of Immigration Appeals

Falls Church, Virginia 22041

Files: A29 638 497 - York  
      A29 638 498

Date: **SEP 28 1999**

In re: KE LIANG ZHANG  
      AI JIN HUANG

IN EXCLUSION PROCEEDINGS

APPEAL

ON BEHALF OF APPLICANTS:  Stuart M. Pierce, Esquire  
                                 7-8 Chatham Square, Suite 503  
                                 New York, New York 10038

ON BEHALF OF SERVICE:  Jeffrey T. Bubier  
                               Assistant District Counsel

EXCLUDABLE:  Sec.  212(a)(6)(C)(i), I&N Act [8 U.S.C. § 1182(a)(6)(C)(i)] -  
                        Fraud or willful misrepresentation of material fact [1]  
                        (both applicants)

              Sec.  212(a)(7)(A)(i)(I), I&N Act [8 U.S.C. § 1182(a)(7)(A)(i)(I)] -  
                      No valid immigrant visa [2] (both applicants)

              Sec.  212(a)(7)(B)(i)(I), I&N Act [8 U.S.C. § 1182(a)(7)(B)(i)(I)] -  
                      Nonimmigrant without valid passport (A29 638 497)

APPLICATION:  Asylum; withholding of exclusion and removal

    The Immigration and Naturalization Service has filed a timely appeal of the November 1, 1996, decision of the Immigration Judge, which granted the applicant's application for asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a). [3] The appeal will be sustained.

---

[1] The fraud charge was not sustained.

[2] A finding of excludability under section 212(a)(7)(A) of the Immigration and Nationality Act renders excludability under the provisions of section 212(a)(7)(B) of the Act, inapplicable. See Matter of Healy and Goodchild, 17 I&N Dec. 22, 26 (BIA 1979).

[3] The applicants are husband and wife. Except where otherwise indicated, the term "applicant" refers to the husband, the principal applicant herein.

A29 638 497
A29 638 498

The Immigration Judge denied the applicant's asylum application as to his claim of religious persecution, finding his account not credible (I.J. at 9-11). The Immigration Judge also determined that, even if the applicant's testimony were credible, the applicant had not demonstrated that he experienced past persecution on account of religion or that he has a well-founded fear of future persecution with respect to his religion claim (I.J. at 11-12). However, the Immigration Judge found the applicant's testimony credible with respect to his fear of sterilization and granted the applicant's asylum application on that basis (I.J. at 12-22). The Immigration Judge denied withholding of exclusion and deportation (I.J. at 22).

On appeal, the Service argues that the applicant's testimony, having been found not credible with respect to the religion claim, is also not credible with respect to the family planning claim. The Service also argues that the applicant's testimony, even if credible, would not constitute a basis for a finding of past persecution or well-founded fear of persecution.

Upon review of the record, we agree, for the reasons set forth by the Immigration Judge, that the applicant's testimony as to the major aspects of his case was not credible.[4] The Immigration Judge's credibility assessment finds significant support in the record. A persecution claim that lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding of deportation. See generally Matter of S-S-, Interim Decision 3257 (BIA 1995); Matter of Mogharrabi, 19 I&N Dec. 439, 445 (BIA 1987); 8 C.F.R. §§ 208.13(a) and 208.16(b). Generally, an Immigration Judge's findings regarding matters of credibility are accorded significant deference. See, e.g., Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir. 1985); Matter of Kulle, 19 I&N Dec. 318, 331-32 (BIA 1985), aff'd, 825 F.2d 1188 (7th Cir. 1987), cert. denied, 484 U.S. 1042 (1988). We recently reaffirmed this principle in Matter of A-S-, Interim Decision 3336 (BIA 1998). We note that the lack of plausibility and the inconsistencies in the applicant's testimony cast substantial doubt on the credibility of all aspects of the applicant's testimony, including his family planning claims. We also agree with the Immigration Judge that, even if the testimony were credible, it does not, for the reasons stated by the Immigration Judge, demonstrate that the applicants have a well-founded fear of persecution on account of religion (I.J. at 11-12).

We also find that the two applicants have not demonstrated that they have a subjective fear of persecution with respect to their family planning claims. They did not attempt to flee until 2 years after the birth of their second child, although they had the opportunity to do so. The applicant states in his appeal brief that it does not matter what his reasons were for leaving China as long as he has a well-founded fear of persecution (Applicant's Appeal Brief at 3). However, it is clear that, without a subjective fear, an asylum applicant cannot demonstrate a well-founded fear. The applicants' failure to depart promptly or to be able to provide an explanation for their apparent lack of fear leads to the conclusion that a subjective fear of sterilization may not exist.

---

[4] The applicant's claim regarding religion encompassed by far the greater part of the applicant's testimony and appears to have been the major basis for the applicant's asylum case, as the Immigration Judge noted (I.J. at 21). However, we agree with the applicant that that fact does not mean that it is impossible to find the less-emphasized aspect of the asylum claim valid while rejecting the other.

2

A29 638 497
A29 638 498

We further find, even if it were determined that the applicants have a subjective fear of persecution, which we do not find, that the fear would not be well founded, as there is little indication of an inclination on the part of the Chinese authorities to persecute the applicants. The birth of their second child was not hidden; the child was born in a hospital rather than at home (Tr. at 57). While it is claimed that the police delivered notices to the applicant concerning alleged religious or political infractions, the notices mention nothing regarding family planning matters (Tr. at 105-06). The authorities were capable of ascertaining that the applicants had a second child, and may have known about it, yet no threats or warnings of impending sterilization were received. We do not agree with the applicant's contention at page 5 of his brief that, because his wife had her IUD removed, she or her husband might be sought for sterilization as a result. Finally, the authorities' apparent lack of interest in punishing the applicants for having a second child, or in seeking to forcibly sterilize either applicant, is consistent with U.S. State Department reports that enforcement of the "one-child" policy in Fujian Province is lax in many instances and that punitive measures are not enforced in any uniform fashion. The Immigration Judge, in assuming that the applicants face a reasonable possibility of undergoing coercive sterilization, did not take into account this reliable evidence of conditions in Fujian Province, which strongly suggests that such coercive measures are not characteristic of local birth control enforcement. See United States Department of State, Bureau of Democracy, Human Rights, and Labor, China - Country Conditions and Comments on Asylum Applications, December 11, 1995 (Exh. 5).

With respect to the applicant's documentation, we note that the applicant has failed to submit documents to support his claim that he has two children or to support any other aspect of his family planning claim other than the fact of his marriage. The applicant has not met his burden of proof with respect to his family planning claims because of his failure to produce readily available corroboration. See Matter of S-M-J-, Interim Decision 3303 (BIA 1997); Matter of Dass, 20 I&N Dec. 120 (BIA 1989); see also Matter of Y-B-, Interim Decision 3337 (BIA 1998) (noting that the weaker an applicant's testimony, the greater the need for corroborative evidence), and Matter of M-D-, Interim Decision 3339 (BIA 1998) (holding that, when evidence has not been submitted to corroborate a claim in situations where it is reasonable to expect such evidence, the alien has failed to satisfy his burden of proof). The applicant states on appeal that there were valid reasons for his brother's failure to testify, despite his availability and presence in this country (Applicant's Appeal Brief at 7). However, we note that the brother could have submitted a corroborative affidavit or statement to support the applicant's account, but did not do so.

Inasmuch as the applicants have failed to satisfy the lower statutory burden of proof required for asylum, it follows that they have also failed to satisfy the clear probability standard of eligibility required for withholding of deportation. See Matter of Mogharrabi, supra. The applicant's claim that the Immigration Judge should have granted withholding of exclusion and deportation is thus rejected.

A29 638 497
A29 638 498

ORDER: The appeal is sustained and the decision of the Immigration Judge is vacated.

FURTHER ORDER: It is ordered that the applicants be removed from the United States.

*[signature]*
FOR THE BOARD

Case 1:00-cv-01029-YK-KH    Document 9    Filed 08/14/2000    Page 8 of 9

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 14th day of August 2000, she served a copy of the attached

**RESPONDENT'S EXHIBITS IN SUPPORT OF**
**RESPONSE TO ORDER TO SHOW CAUSE**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Robert A. Horne, Esquire
401 Broadway
New York, NY 10013

Lawrence A. Dubin, Esquire
401 Broadway
New York, NY 10013

Huang Ai Jin
York County Prison
3400 Concord Rd.
York, PA 17402

Zhang Ke Liang
York County Prison
3400 Concord Rd.
York, PA 17402

*/s/ Patricia A. Kolonoski*
PATRICIA A. KOLONOSKI
Legal Secretary