Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUANG AI JIN and ZHANG KE LIANG, | : |
| Petitioners | : NO. 1:CV-00-1029 |
|  | : NO. 1:CV-00-1030 |
| v. | : |
|  | : (Judge Kane) |
| JANET RENO, | : |
| Respondent | : |

FILED
HARRISBURG
DEC 15 2000
MARY E. D'ANDREA, CLERK
DEPUTY CLERK

## RESPONSE TO SUPPLEMENTAL ORDER TO SHOW CAUSE

This is a consolidated petition for habeas corpus (hereinafter "petition") filed on behalf of a husband and wife. Petitioners Huang Ai Jin and Zhang Ke Liang are natives and citizens of the People's Republic of China. They arrived in the United States on June 28, 1996, and were immediately detained as excludable. On June 7, 2000, they filed petitions for writs of habeas corpus, challenging their denials of asylum and of withholding of removal. On August 14, 2000, respondent filed a Response to Order to Show Cause. On or about October 4, 2000, petitioners filed an Amended Petition for Writ of Habeas Corpus. However, they did not serve the United States Attorney. On December 7, 2000, the Court issued an Order permitting respondent to file a supplemental response within fifteen days. This Response is filed pursuant to the Court's Order.

1

## Statement of the Case

The procedural and factual background is set forth in respondent's original Response to Order to Show Cause, and will not be repeated here.

In their Amended Petition, petitioners repeat the factual allegations of the original petitions. They add only conclusory language apparently intended to provide a constitutional basis for their request for habeas relief. In Paragraph 18 of the Amended Petition, they add to their claim for asylum the following language:

> Petitioner is entitled to a habeas corpus relief for being unlawfully and unconstitutionally held in custody because the denial by respondent, by and through the BIA, of asylum based on fear of forced sterilization/abortion and religious persecution was arbitrary, capricious and unreasonable and in violation of petitioners' rights to equal protection of the law pursuant to the due process clause of the Fifth Amendment in that:
>
> a.   There was no rational basis to treat petitioner differently than similarly situated people whose claims of asylum based on forced sterilization/abortion have been granted.
>
> b.   There was no rational basis to treat petitioner differently than similarly situated people whose claims of asylum based on forced religious persecution have been granted.

Amended Pet., ¶ 18.

Similarly, in Paragraph 21 of the Amended Petition, petitioners state:

Also, based on the foregoing and the exhibits filed

2

  herewith, it is clear that in rendering its decision to
deny asylum to petitioner, respondent, by and through
the BIA, interpreted and applied 8 U.S.C. § 1158 so as
to exclude any alien from prevailing on any asylum
application based on fear of religious persecution in
China in violation of petitioner's right to equal
protection of the law pursuant to the Fifth Amendment
of the United States Constitution.  The denial of
asylum herein was arbitrary and discriminatory and
denied equal protection of the law because there was no
rational basis for the determination to treat
petitioner's asylum application differently then
similarly situated people whose asylum applications
have been granted.

Amended Pet., ¶ 21.

  Finally, they add Paragraph 24:

Also, based on the foregoing and the exhibits filed
herewith, it is clear that in rendering its decision to
deny asylum to petitioner, respondent, by and through
the BIA, interpreted and applied 8 U.S.C. § 1158 so as
to exclude any alien from prevailing on any asylum
application based on fear of forced
sterilization/abortion in China in violation of
petitioner's right to equal protection of the law
pursuant to the Fifth Amendment of the United States
Constitution.  The denial of asylum herein was
arbitrary and discriminatory and denied equal
protection of the law because there was no rational
basis for the determination to treat petitioner's
asylum application differently than similarly situated
people whose asylum applications have been granted.

Amended Pet., ¶ 24.

  Despite the addition of language relating to constitutional rights, it is apparent that petitioners are still simply seeking to have this Court overturn the INS's decision to deny them asylum based on fear of sterilization and fear of religious persecution.

3

### Question Presented

Whether this Court has jurisdiction to review the Board of Immigration Appeals' decisions denying petitioners asylum through a petition for writ of habeas corpus?

Suggested answer in the negative.

### Argument

The petitions presently before the Court seek the Court's review of decisions of the Board of Immigration Appeals. They seek review of the merits of the BIA's decision sustaining the INS's appeal of the Immigration Judge's grant of asylum based on credible fear of persecution, and of the BIA's decision denying their motion for reconsideration. This Court lacks jurisdiction to review those decisions.

In 1996 Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L.No. 104-208, 110 Stat. 3009-546. Section 309 of IIRIRA sets forth certain "transitional rules" for judicial review of exclusion and deportation proceedings for aliens whose proceedings were pending before the IIRIRA's effective date, April 1, 1997, and for whom final orders of deportation or exclusion were entered after October 30, 1996. The transitional rules are applicable to petitioners because they were in proceedings before April 1, 1997, while a final order of deportation was not entered until-.

The transitional rules specifically supersede the judicial

4

review provisions contained in Section 106 of the former Immigration and Naturalization Act, 8 U.S.C. §1105a (repealed 1996). See IIRIRA § 309(c)(4). The transitional rules purport to eliminate judicial review via habeas corpus proceedings for aliens subject to final orders of exclusion or deportation. Further, the transitional rules provide that judicial review for such aliens is solely and exclusively available through petition for review in the circuit court of appeals. IIRIRA §309(c)(4)(D).

In Sandoval v. Reno, 166 F.3d 225 (3rd Cir. 1999), the Third Circuit held that IRRIRA does not eliminate habeas corpus jurisdiction in cases where the alien "is in custody in violation of the constitution or laws or treaties of the United States." Id., at 238 (quoting 28 U.S.C. § 2241(c)(3)). However, despite their invocation of the language of equal protection, petitioners are still not seeking release from unconstitutional detention. Rather, they are seeking review of the BIA's decisions on the merits of their asylum claims. While this Court has jurisdiction to entertain a habeas corpus petition challenging unconstitutional detention, it does not have jurisdiction to entertain a habeas corpus petition seeking review of the merits of the BIA's decisions. Sandoval, supra; IIRIRA § 309(c)(4)(D).

The mere reference to equal protection does not convert an appeal of the merits of the BIA's decision into a constitutional

claim. Petitioners cite no case law whatsoever to support their contention that denial of asylum based upon religion or family planning policies constitutes an equal protection violation. Nor do they identify any similarly situated individuals who have been treated differently.

Respondent would emphasize that these petitioners received *extensive* procedural opportunities to make their cases. They participated in an evidentiary hearing, and pursued both an appeal to the BIA and a request for reconsideration. Petitioners' factual and legal arguments received thorough consideration. Both the Immigration Judge and the BIA found that petitioners' testimony lacked credibility and consistency. See Exhibit F to original Petition. Further, the BIA found that the evidence submitted showed lax enforcement of the one-child policy in China. Id., Exhibit G.

Petitioners claim, at Paragraphs 21 and 24 of the Amended Petition, that the INS interpreted the statute "so as to exclude any alien from prevailing on any asylum application based on fear of religious persecution in China . . . . [or] based on fear of forced sterilization/abortion in China. . . ." Amended Pet., ¶¶ 21, 24. This is a gross mischaracterization of respondent's actions. Petitioners did not prevail because they failed to produce credible evidence to support their contentions. The INS carefully considered the evidence they did present, and rejected

6

their claims based upon that evidence, not based on some broad interpretation of the statute excluding whole classes of aliens from eligibility for asylum.

Petitioners should have sought relief through a petition for review in the court of appeals, pursuant to IIRIRA §309(c)(4)(A). While this Court lacks jurisdiction entertain their petition, the Court may transfer the case to the Court of Appeals for the Third Circuit. <u>See</u> 28 U.S.C. §1631.

### Conclusion

For the foregoing reasons, respondent respectfully requests that the Court deny the within petition for writ of habeas corpus, or, in the alternative, transfer the case to the Court of Appeals for the Third Circuit.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*[signature]*
MARY CATHERINE FRYE
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482
Attorneys for Respondent

Dated: December 15, 2000

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 15th day of December, 2000, she served copies of the foregoing document by placing said copies in postpaid envelopes addressed to the persons hereinafter named, at the places and addresses stated below, which are the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

       Robert A. Horne, Esquire
       401 Broadway
       New York, NY   10013

       Lawrence A. Dubin, Esquire
       Goldberger & Dubin
       401 Broadway
       Suite 306
       New York, NY   10013

*Kathy Enders*
KATHY ENDERS
Legal Secretary