**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HUANG AI JIN and ZHANG KE LIANG,** : | |
| : | |
| **Petitioners** : | |
| : | **CIVIL ACTION NO. 1:CV-00-1029** |
| v. : | **CIVIL ACTION NO. 1:CV-00-1030** |
| : | |
| **JANET RENO,** : | **(Judge Kane)** |
| : | |
| **Respondent** : | |

## **MEMORANDUM**

### I.   **Introduction**

Petitioners, Huang Ai Jin and Zhang Ke Liang, husband and wife, initiated the present action by filing petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioners challenge a determination of the Board of Immigration Appeals ("BIA") ordering Petitioners removed to China. For the reasons discussed below, the petitions will be denied.

### II.   **Background**

Petitioners entered the United States in Alaska on June 28, 1996. They were immediately detained, and the Immigration and Naturalization Service ("INS")[2] initiated exclusion proceedings against them, based upon allegations that they did not have valid immigration visas, that they had

---

[1]Although Petitioners have initiated separate actions for habeas relief, the documents in both cases are virtually identical. Consequently, any reference to the documents in this opinion will refer to the corresponding document in both cases, unless noted otherwise.

[2]On March 1, 2003, the functions of the INS were assumed by the new Department of Homeland Security. Within the Department, the Bureau of Immigration and Customs Enforcement (BICE) now has the duty of investigating and enforcing immigration law within the borders of the United States. For ease of reference, the Court will refer to the Respondent as the INS throughout this memorandum and order.

committed fraud and willful misrepresentation in attempting to gain entry, and, in the case of Liang only, that she was a non-immigrant without a valid passport. (Doc. 1, ¶5-6; *See* 8 U.S.C. §§ 1182 (a)(7)(A), (a)(6)(C)(i), and (a)(7)(B)).

At a hearing before an Immigration Judge ("IJ"), Petitioners conceded they were excludable for lack of valid immigration visas, but sought asylum and withholding of removal based on religious persecution and fear of forced sterilization. (Doc. 1, ¶ 9-10). The IJ dismissed the fraud charges, denied the asylum petitions on the basis of religious persecution, and granted political asylum based upon fear of sterilization. (Doc. 1, ¶ 12).

Petitioners appealed the religious asylum determination, and the INS cross-appealed the grant of political asylum. (Doc. 1, ¶ 13). On September 28, 1999, the BIA denied the Petitioners' appeal, granted the INS appeal, and ordered Petitioners removed to China. Thereafter, Petitioners filed a motion for reconsideration, which was denied by the BIA. (Doc. 1, ¶ 14-16). The instant petitions were filed with assistance of counsel and consolidated by order of this Court.

## III. Discussion

### A. Jurisdiction and Scope of Habeas Review

This Court's jurisdiction is controlled by the provisions of the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1537 ("INA"), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA") (April 24, 1996), the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C., 110 Stat. 3009 (1996) ("IIRIRA") (Sept. 30, 1996). Because Petitioners were placed in deportation proceedings before April 1, 1997, and the final order of removal was issued by the BIA after October 30, 1996, this case is governed by the transitional rules of the IIRIRA. See 8 U.S.C. § 1105a (1994),

as amended by Section 309(c)(4) of the IIRIRA, 110 Stat. 3009-306, 3009-625; see also Sandoval v. Reno, 166 F.3d 225, 229 (3d Cir.1999) (applying IIRIRA transitional rules of jurisdiction).

An alien subject to an INS order of removal can invoke § 2241 for judicial review of the order. INS v. St. Cyr, 533 U.S. 289 (2001); see also Demore v. Hyung Joon Kim, 123 S. Ct. 1708, 1714 (2003) (habeas relief is not foreclosed by provisions of INA limiting judicial review of discretionary decisions). However, § 2241 only "encompasses claims that one 'is in custody in violation of the Constitution or laws or treaties of the United States.'" 28 U.S.C. § 2241(c)(3). Therefore, a § 2241 habeas petition is limited to claims that the INS has violated the Constitution, Chmakov v. Blackman, 266 F.3d 210 (3d Cir. 2001); Liang v. INS, 206 F.3d 308 (3d Cir. 2000); Sandoval v. Reno, 166 F.3d 225, 238 (3d Cir. 1999), or that it has violated the statutory law governing immigration, St. Cyr, 531 U.S. 1107, or its own regulations. Chong v. District Director, INS, 264 F.3d 378 (3d Cir. 2001) (reviewing the petitioner's constitutional, statutory, and regulatory claims presented on habeas to the district court). In the latter two circumstances, the claim must be one of statutory or regulatory error in the sense that the INS based its decision on a misinterpretation of the statute or regulation at issue. In other words, § 2241 review is limited to legal errors or pure questions of law; it cannot be used to reargue the merits of the petitioner's claims before the INS. See generally, Carranza v. INS, 277 F.3d 65 (1st Cir. 2002) ("Federal courts . . . retain jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

**B.     Petitioners' Challenge to the Asylum Determination**

3

Petitioners have admitted that they are excludable (Doc. Nos. 12 & 13, ¶ 9), but they challenge their removal on the grounds that they are entitled to asylum or withholding of removal. The ultimate grant of asylum is discretionary with the Attorney General. Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001). Substantive review of certain discretionary decisions by the Attorney General is specifically precluded by the statute.[3] See, e.g., 8 U.S.C. § 1252(a)(2)(B) (providing that no court may review certain of the Attorney General's discretionary grants of relief including requests for voluntary departure, cancellation of removal, and adjustment of status); 8 U.S.C. § 1252(g) (barring review of Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders); see also Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999). However, the fact that the relief is discretionary and therefore speculative does not completely strip district courts of habeas jurisdiction. See Zadvydas v. Davis, 533 U.S. 678, 688 (2001) (alien may challenge extent of Attorney General's discretion under the INA pursuant to § 2241).

The Third Circuit has not directly addressed the scope of review of BIA discretionary decisions under § 2241, however, it has acknowledged the limitations on federal court review. See Catney v. INS, 178 F.3d 190, 195 (3d Cir. 1999) ("[F]ollowing passage of AEDPA and IIRIRA, we no longer have jurisdiction to review a denial of discretionary relief to a criminal alien."). Other circuit courts have limited the scope of habeas review. See, e.g., Gutierrez-Chavez v. INS, 298 F.3d 824, 827 (9th Cir. 2002) ("We hold that 28 U.S.C. § 2241 does not allow us, in the absence of

---

[3] Granting of asylum relief under 8 U.S.C. § 1158(a) is specifically exempted from the jurisdictional restrictions. 8 U.S.C. § 1252(a)(2)(B)(ii). However, the proper forum for appealing the merits of the asylum decision is the Court of Appeals, and Petitioners did not file a timely appeal. 8 U.S.C. § 1252 (a)(1) & (b)(1).

4

constitutional or statutory error, to second-guess the manner in which the INS chooses to exercise the discretion given it by statute."); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001) (holding that "federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and BIA."); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."). Accordingly, the issue here is whether the BIA's decision to deny asylum and withholding of removal violated the Constitution or the laws of the United States. As such, the Court will not consider Petitioners' challenges to the merits of the BIA's decision.

In their amended petitions, Petitioners argue that the BIA denial of asylum had no rational basis, was arbitrary and capricious, and treated Petitioners differently from others similarly situated, in violation of Petitioners' equal protection rights pursuant to the United States Constitution (Docs. 12 and 13, ¶ 18, 21, 24).

Petitioners testified that they fear forced sterilization for violation of China's policy of limiting procreation to one child per couple. The BIA found that because the Petitioners did not flee for two years after the birth of their second child, even though they had the opportunity, their testimony of fear of sterilization was less credible. Further, police notices addressed to the Petitioners made no mention of family planning issues, but instead focused on the belief by authorities that Petitioners were planning inappropriate political activities. Finally, it was noted that State Department reports indicate lax enforcement of the "one-child" policy in Petitioners' home province. A review of this evidence led the BIA to conclude that Petitioners lacked credibility on the determination of objective fear of persecution.

In order to establish a viable equal protection claim, a litigant must show an intentional or

5

purposeful discrimination. <u>Snowden v. Hughes</u>, 321 U.S. 1, 8 (1944); <u>Wilson v. Schillinger</u>, 761 F.2d 921, 929 (3d Cir. 1985). Petitioners have failed to allege facts from which it can be concluded that Respondents engaged in intentional or purposeful discrimination, or that Petitioners were treated differently from similarly situated individuals on the basis of their race or some other impermissible reason. Consequently, the equal protection claim will be denied

Petitioners also argue deprivation of their due process rights guaranteed by the Fifth Amendment. Aliens at the threshold of entry into the United States are excludable aliens, seeking the "privilege" of entry, and whatever procedure is authorized by Congress is the process that is due. <u>Ngo v. INS</u>, 192 F.3d 390 (3d Cir. 1999). Although the Constitutional rights of excludable aliens are generally limited, such aliens are "persons" entitled to substantive due process. <u>Id.</u>, 192 F.3d at 396. Thus, courts have held that excludable aliens are entitled to a fair hearing, <u>Najaf-Ali v. Meese</u>, 653 F. Supp. 833 (N.D. Cal. 1987), including the right to present witnesses, <u>Id.</u>, and adequate translation of proceedings, <u>Augustin v. Sava</u>, 735 F.2d 32 (2d Cir. 1984). Here, other than the Petitioners' assertion that they were denied due process, they have not pointed to any deficiencies that support their claim. The Petitioners had a hearing, they were permitted to present testimony and evidence, they availed themselves of appellate opportunity, and appear to have been afforded all process that was due in the context of their exclusion proceedings. "Put another way, the alien had a right to the process, enforceable by habeas if need be, but no right to a particular result." <u>Carranza</u>, 277 F.3d at 71 (1st Cir. 2002) (citing <u>Jay v. Boyd</u>, 351 U.S. at 353 (1956)). Accordingly, the petitions will be denied on this claim.

    **C.**    **Petitioners' Challenge to Withholding of Removal**

6

Removal is prohibited "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). This is known as withholding of removal, and to qualify for it, Petitioners were required to show that it is more likely than not they would be persecuted if forced to return to China. Lin, 238 F.3d at 244 (citing INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987)). If an alien qualifies, the Attorney General is prohibited from deporting the alien to the country where the persecution will occur. 8 U.S.C. § 1231(b)(3). However, the standard for establishing a "well-founded fear of persecution" for asylum is less stringent than the standard to establish the "clear probability" for withholding of removal, and failure to establish the former will preclude relief on the latter. INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). Consequently, Petitioners' request for relief by withholding of removal will also be denied.

## IV.     Conclusion

Based on this Court's finding that it is prohibited from reviewing the BIA decision on the merits, and since the Petitioners have not established a constitutional, statutory or regulatory violation by the INS, the petition for writ of habeas corpus is denied.

**V.   ORDER**

**AND NOW**, therefore, **IT IS HEREBY ORDERED THAT**:

1. The amended petitions for writ of habeas corpus (Doc. Nos. 12 and 13) are **DENIED**.

2. The Clerk of Court is directed to close this case.

                                              S/ Yvette Kane
                                              YVETTE KANE
                                              United States District Judge

Date: September 26, 2003